UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-10039-CR-MOORE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID W. SCHWARZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on CJA Voucher Number 113C.0058532, submitted by counsel for the Defendant, David W. Schwarz and counsel's Motion to Modify Attorney's Fee Payment Pursuant to the Criminal Justice Act and Exceed the Aggregate Limit (ECF No. 198), which were referred to United States Magistrate Judge, Lurana S. Snow, for a Report and Recommendation on the appropriateness of the voucher. This was a complex bank fraud case involving multiple real estate ventures which culminated in a two-week trial. The CJA voucher submitted by Mr. Sky E. Smith claims a total of $70,660.40, which is exceeds the $10,000 "cap" for felonies at the trial level. An *ex parte* hearing on the appropriateness of the voucher was conducted on August 21, 2017.

The applicable guidelines are set forth in the Guide to Judiciary Policy, Vol. 7, Part A, Chapter 2, § 230.23.40. Subsection(a) of that provision authorizes payments in excess of CJA compensation maximums in cases involving extended or complex representation when so certified by the court or a U.S. magistrate judge and approved by the chief judge of the circuit (or his or her delegate). Subsection (b) states that a case is "extended" if "more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings." Subsection (c) sets forth the factors which the approving judicial officer may consider when determining if excess

payment is necessary to provide fair compensation: (1) the responsibilities measured by the magnitude and importance of the case; (2) the manner in which duties were performed; (3) the knowledge, skill efficiency, professionalism, and judgment required of and used by counsel; (4) the nature of counsel's practice and injury thereto; (5) any extraordinary pressure of time or other factors under which services were rendered, and (6) any other circumstances relevant and material to a determination of a fair and reasonable fee.

Regarding the time spent on legal work in the instant case, the adjusted CJA voucher, filed by counsel reflects .5 hours for arraignment; 1.30 hours for motion hearings, 65.5 hours for trial; 4.5 hours for sentencing; .5 hours for other in-court matters; 90 hours for interviews and conferences; 159.8 hours for obtaining and reviewing records; 127.8 hours for legal research and brief writing, and 27.2 hours for investigative and other work, for a total of $59,940.00 billed (including 59.40 hours of travel time). At the hearing, counsel explained that the discovery material was voluminous. Counsel was required to review the transcripts of two lengthy trials of a co-conspirator, as well as three prior civil actions and one SEC action against the Defendant himself, in which he provided testimony. The case also involved extensive motion practice. The undersigned finds that the time spent for legal work as reflected on this voucher is reasonable.

The voucher also reflects 59.4 hours of travel time ($7,685.70), $1,077.95 in travel expenses and $307.35 in other expenses, for a total of $1,385.30. Initially, this case required counsel to travel to Key West. Additionally, the conditions of the Defendant's bond required that he reside in Orlando and that he be at his residence each evening, so meetings between the Defendant and counsel took place in Palm Beach County. The undersigned finds that the travel expenses in this case were reasonable under the circumstances and counsel should not be required to bear any portion of them.

The claimed amount in this case exceeded the "cap" for a single case by $60.660.40. In view of the vast amount of discovery and the complex issues litigated in a two-week trial, the undersigned hereby certifies that this case was "extended" for CJA reimbursement purposes.

**CONCLUSION**

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that CJA Voucher Number 113C.0058532 be approved, and that counsel's Motion to Modify Attorney's Fee Payment Pursuant to the Criminal Justice Act and Exceed the Aggregate Limit (ECF No. 198) be GRANTED, based on the extended nature of the case.

Counsel for the Defendant will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, Chief United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 24th day of August, 2017.

*/s/ Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
Sky E. Smith. Esq. (CJA)
CJA Clerk (MIA)