UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-10039 -MOORE/MCCALILEY

FILED BY_____ D.C.

JUL 2 5 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERCA,

      Plaintiff,

vs.

DAVID W. SCHWARZ,

      Defendant.

_____/

## DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

Defendant David W. Schwarz, Pro Se ("Schwarz"), having met the conditions of
18 U.S.C. § 3143(b), hereby requests release from detention pending appeal pursuant to
18 U.S.C. § 3142(b), or in the alternative, conditional release pursuant to § 3142(c).

### Background

Schwarz was charged in an eight-count indictment on October 11, 2016. (Doc. 2.)
He was arrested at his home in Orlando, Florida, on October 13, 2016, and released the
same day under conditions set by the Middle District of Florida (*See* Doc. 13.) The
Government appealed the release (Doc. 9), and the matter was heard by this Court on
October 17, 2016. (Doc. 14.) This Court affirmed Schwarz's release pending trial.

On November 2, 2016, Schwarz pled not guilty to all counts (Doc. 22), and the
case proceeded to trial. After a nine-day trial, concluding on March 3, 2017, Schwarz
was convicted on four counts:  Conspiracy to commit bank fraud in violation of 18
U.S.C. § 1349 (Count 1), bank fraud in violation of 18 U.S.C. § 1344 (Counts 3 and 4),

1

and interfering in the administration of internal revenue laws in violation of 18 U.S.C. § 7212 (a) (Count 8).[1] (Doc. 123.) Schwarz was acquitted of one count of bank fraud and all three counts of false statement in connection with a federally-insured loan (18 U.S.C. § 1014). (Doc. 123.) Upon conviction, Schwarz was remanded immediately into custody. (Doc. 118.)

On May 4, 2017, this Court sentenced Schwarz to 40 years incarceration as follows: Count 1, 30 years; Count 3, 5 years, consecutive; Count 4, 5 years, consecutive; Count 8, 3 years, concurrent. (Doc. 168.) This Court also sentenced Schwarz to a supervised release term of 5 years each for Counts 1, 3, and 4, and 1 year for Count 8, all to run concurrently. (*Id.*)

Schwarz timely filed his notice of appeal on May 12, 2017 (Doc. 172), followed by an amended notice of appeal on July 12, 2017. (Doc. 194.) Schwarz ultimately and timely filed his appeal on October 9, 2018. (Appellate Docket, Case No. 17-12274.) Responsive briefing was filed on February 19, 2019. *Id.* Appellant's reply brief was filed on May 16, 2019. *Id.*

## Standard of Review

Post-conviction release is governed by the Bail Reform Act of 1984, codified at 18 U.S.C. § 3143. *United States v. Giancola*, 754 F.2d 898, 899 (11th Cir 1985). Release pending a defendant's appeal is appropriate when, after filing an appeal, the detainee is found by clear and convincing evidence to be (1) unlikely to flee or to pose a danger to any other person or the community; (2) the appeal is not for the purpose of delay; and (3)

---

[1] On appeal, the government confessed error on the interference charge, asserting, " . . . this Court must vacate Schwarz's Count 8 conviction and sentence . . ." (Appellate docket, Case No. 117-12274, February 19, 2019, Government brief, p. 58)

the appeal raises a substantial question of law or fact which is likely to result in (a) reversal, (b) an order for a new trial, (c) a sentence that does not include imprisonment, or (d) a sentence less than time served plus the likely duration of the appeal. 18 U.S.C. § 3143(b)(1)(B). If such findings are made, the judge "**shall** order the release of the person" either immediately or at the end of the likely reduced sentence. *Id.* (emphasis added); *see also Giancola*, 754 F.2d at 899 (identifying and interpreting the same factors).

If release is required under 18 USCS § 3143(b)(1)(B), the detainee may be released on personal recognizance or pursuant to an unsecured bond as described in 18 U.S.C. § 3142(b), or he may be released subject to certain conditions, as described in 18 U.S.C. § 3142(c).

When ruling on a defendant's request for release pending appeal, a District Court is required to issue a written opinion or state its reasoning on the record. *See* Fed. R. App. Pro. 9(b); *United States v. Latigo*, 613 Fed. Appx 424 (11th Cir. 2015) (*per curiam*) ("The district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case.") The Eleventh Circuit has noted that a written opinion is preferred, because "written explanations for denying release during appeal are helpful to this court in discharging our own responsibilities under rule 9(b)." *In re Smith*, 823 F.2d (11th Cir 1987)

This motion is entitled to immediate consideration. Although § 3143 is silent regarding the timing of judicial rulings and hearings, § 3142, which controls § 3143 in part, requires "the hearing shall be held immediately upon the person's first appearance," further noting "...a continuance on motion for the government may not exceed three

days..." *See* 18 U.S.C. § 3142(f). Furthermore, "under the [Bail Reform] Act, a decision to detain . . . is immediately reviewable." *United States v. Salerno*, 481 US 739 (1987).

Although § 3143 is silent regarding the need for a detention hearing, § 3142, which controls § 3143 in part, requires a detention hearing (among other non-applicable conditions) only if "upon motion of the attorney for the government or upon the judicial officer's own motion, in a case that involves (a) a serious risk that such person will flee; or (b) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate, a prospective witness or juror." *See* U.S.C. § 3142(f). In the event this Court convenes a detention hearing, Schwarz hereby requests waiver of appearance.

**Argument**

The factors for release pending appeal pursuant to 18 U.S.C. § 3143 are present in this case and, as such, this Court is required to release Schwarz, either on his own recognizance, subject to an unsecured bond, or subject to certain conditions. *See* 18 U.S.C. § 3143.

1.   Schwarz Is Not a Flight Risk or a Threat to Public or Individual Safety.

The first factor this Court must find is that Schwarz is not likely to flee or pose a danger to the safety of any individual or the community. 18 U.S.C. § 3143(b)(1)(A); *see also Giancola*, 754 F.2d at 901. Two district courts have already made just such a finding, first, on October 13, 2016, when the Middle District of Florida granted Schwarz pretrial release under 18 U.S.C. § 3142 (Doc. 7), implicitly finding that the conditions precedent for pretrial release were met, and then subsequently on appeal by the Government, when this very Court affirmed Schwarz's release. (Doc. 14.)

The standards for pretrial release include consideration of both flight risk and danger to others. *United States v. Rodriguez*, 897 F. Supp 1463 (S.D. Fla. 1995). More specifically, the Bail Act of 1984 provides that a judicial officer consider certain factors with the explicit purpose of "reasonably assur[ing] the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). Those factors include consideration of whether the offense is: particularly dangerous, such as crimes of violence, of terrorism, involving a minor victim, or involving controlled substances, firearms, explosives, or destructive devices; the weight of the evidence; the person's history and characteristics, such as character, physical and mental health, family ties, employment, financial resources, residence in the community, criminal history and record of appearing at proceedings; and the danger the defendant would pose to the community or any individual. *Id.*

Applying these factors to the instant case, two District Courts granted Schwarz pretrial release, presumably based on the following factors:

- Schwarz, a 62-year-old-man, is a first time offender;

- Schwarz was charged with various financial crimes, none involving violence, terrorism, minor victims, controlled substances, firearms, or destructive devices (Doc. 2);

- Schwarz has never threatened or intimidated any potential witness, juror, or officer of the court;

- For *nine years*, Schwarz cooperated fully with the Government's investigation into his companies and himself, by, *inter alia*, completing extensive questionnaires and written reports, submitting to multiple

depositions and voluntary examinations under oath, and providing answers to questions via informal phone calls and emails, during which time, Schwarz never fled;

- Schwarz took the extraordinary step of waiving his attorney-client privilege, releasing hundreds of thousands of documents emails and memos from multiple attorneys and law firms;

- Schwarz did not flee when his alleged co-conspirator was indicted, subsequently convicted, and ultimately sentenced to 40 years imprisonment;

- Schwarz did not flee even when threatened with retaliatory prosecution for testifying at his alleged co-conspirator's second trial, despite a full year elapsing between the threat and Schwarz's indictment;

- Prior to arrest, Schwarz offered to turn himself in wherever and whenever directed by the Department of Justice;

- Schwarz did not flee between his initial release on October 13, 2016 and his bond revocation hearing on October 17, 2016;

- In a 30-year career preceding the demise of Cay Clubs, including 25 years in the notoriously-litigious construction and development industries, Schwarz had never been the target of any investigation, lawsuit, or formal proceeding by any governmental, regulatory, or professional agency, nor had he ever been a defendant in any civil lawsuit;

- Schwarz has no history of mental illness, alcohol abuse, or drug use;

- Schwarz has no history of confrontation with any family member, other individual, or the community;

- Schwarz is a college graduate and a former practicing CPA;

- Schwarz has been a resident of the greater Orlando area since 1972 (46 years); prior to conviction, he had lived in his last residence since 1998 (19 years);

- Schwarz, who has been happily married since 1979 (39 years), has four children and three grandchildren, all of whom reside in the United States;

- Schwarz's wife was born, raised, and resided in Orlando until Schwarz's conviction; (she now lives elsewhere in Florida with Schwarz's daughter, son-in-law, and grandchildren;)

- Schwarz has no family living abroad, no foreign friends or contacts, and no foreign bank accounts, property or other foreign assets of any kind.

Since Schwarz was initially granted pretrial release in October 2016, none of these factors have changed. Nothing has transpired to alter either the Middle District or this Court's previous findings. Rather, Schwarz's subsequent appearances, wherever and whenever directed, clearly validates this Court's judgment that Schwarz is neither a danger nor a flight risk.

In addition to the above factors, which were implicity considered by both District Courts when granting Schwarz's pretrial release, additional factors are relevant to this Court's consideration of release pending appeal.

First, after more than two years of incarceration. Schwarz no longer possess the *ability* to flee. He surrendered his passport upon his initial pretrial release. (Doc.

15.) In addition, this Court previously determined Schwarz to be indigent to a degree that CJA counsel was appointed. (Doc. 14.) Also, as discussed , *infra,* Schwarz possesses no bank accounts, cash, or other liquid assets. In short, Schwarz does not possess the means to flee.

Even more compelling are Schwarz's continuing and adamant assertions of innocence. While this might seem an irrelevant consideration, it is actually extremely pertinent. Schwarz has demonstrated, through consistent behavior over the past ten years,[2] that he would rather spend the rest of his life in prison than admit guilt to crimes he did not commit. Since flight would be a clear admission of guilt, flight would be utterly contradictory to Schwarz's previously demonstrated behavior.

While it may be argued that a lengthy prison sentence, by its very nature, justifies a presumption of flight risk, that presumption does not apply here. As Schwarz set forth in his appellate brief, the sentencing enhancements that were applied to Schwarz - which produced a sentence *80 times longer* than the recommended base, guideline sentence - are legally without basis, improperly calculated, and erroneously applied. Since Schwarz firmly believes his appeal arguments will prevail, he also firmly believes his sentence will be vacated, or at a minimum, reduced to a length which would not trigger a presumption of flight risk. As discussed in more detail *infra*, since this Court need not conclude it improperly enhanced Schwarz's sentence, but need only determine that Schwarz has raised a

---

[2] Schwarz has maintained his innocence in numerous ways: he vigorously contested every civil lawsuit, including three multi-plaintiff federal suits and an SEC action, all of which were ultimately dismissed, but only after years of debilitating and destructive litigation. Further, in the SEC case, Schwarz rejected a settlement offer, which would have allowed him to walk away without admitting guilt, solely because he believed acceptance of any settlement requiring a promise to commit no further crimes would have been perceived as an admission of guilt. In the instant case, Schwarz rejected all plea deals, even though he was facing a potential sentence of 213 years, (Doc. 2:16), because every deal required him to plead guilty to crimes he did not commit.

"substantial question" regarding the validity of the enhancements, it would be unjust if the very enhancements which Schwarz seeks to overturn on appeal were used as the sole basis for denying Schwarz liberty to which he would otherwise be entitled.

Finally, although this is not a specific consideration set forth by statute or precedent, Schwarz nonetheless asks this Court's compassion when considering his current situation. Because Schwarz's base guideline sentence of 0-6 months (Doc. 167) was enhanced to 80 times the initial range (Doc. 168), Schwarz was not placed in a Minimum-Security Camp as is typical for first-time, white-collar offenders, nor was he placed in a Low-Risk facility, nor even a Medium-Risk institution. Instead, he was imprisoned in a High-Risk, Maximum Security, USP-1 Federal Penitentiary. Typically, maximum security penitentiaries house only the most violent of inmates, most of whom are transferees from lower-risk institutions in response to violent incidents and offenses committed *after* incarceration. As a 62-year-old, white-collar, first-time, non-violent offender, Schwarz's time in prison has been marked by multiple violent incidents against him. His personal safety remains at risk on a daily basis. Schwarz respectfully requests this Court consider the potential injustice that would result if Schwarz were to prevail at appeal and yet remain incarcerated for years during the proceedings, for crimes he did not commit, potentially suffering further permanent injuries, or worse, during the pendency of the appeal.

2.      Schwarz's Appeal Is Not for the Purpose of Delay.

Under *Giancola*, the second factor this Court must find is that the appeal is not for purposes of delay. *See Giancola*, 754 F.2d 898, 899 (11th Cir 1985). Since

Schwarz waited until *after* filing his appeal before filing this motion, this issue is moot.

3.    Schwarz's Appeal Raises Numerous Substantial Questions of Law and Fact.

The third factor this Court must find is that Schwarz's appeal raises a substantial question of law or fact. *Id*. The Eleventh Circuit has found that a

> 'substantial question' of law or fact is one of more substance than would
> be necessary to a finding that it was not frivolous. It is a 'close' question
> or one that very well could be decided the other way. Further, there are no
> blanket categories for what questions do or do not constitute 'substantial'
> ones. Whether a question is 'substantial' must be determined on a case-by-
> case basis.

*Id*.

Schwarz's appeal lists five major issues, each of which contains numerous, related sub-issues (22 in total.)[3] In determining whether these issues raise a substantial question of law or fact, this Court "must keep in mind that it is not being asked to reverse its own position on issues decided at trial, nor is it being asked to grant a new trial. It must decide <u>only</u> that a significant issue exists that merits appellate review." *United States v. Hicks*, 611 F. Supp. 497, 499 (S.D. Fla. 1985). Since "'[j]udges do not knowlingly leave substantial errors uncorrected, or deliberately misconstrue applicable precedent[,] . . . it would have been capricious of Congress to have conditioned bail only on the willingness of a trial judge to certify his or her own error.'" *Giancola*, 754 F.2d at 900 (citing *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)).

Without re-hashing the entire appeal, Schwarz submits that he has raised multiple, substantial questions of law and fact, *any one of which* meets the standards

---

[3] That number does not include the substantial questions raised by <u>**each**</u> individual document which could be considered exculpatory under standards established in *Brady v. Maryland*, 373 U.S. 83 (1963).

established by the Eleventh Circuit in *Giancola*.  Indeed, the government has already confessed error on one of the issues, conceding that Schwarz's conviction and sentence for obstruction must be vacated. (Appellate Docket, Case no. 17-12274, February 19, 2019, Government Brief pp 57 -58.) Clearly, at least one of the issues raised by Schwarz is "substantial."

4.   The Appeal's Substantial Questions Are Likely to Negate Schwarz's Need for Further Incarceration.

The fourth factor this Court must consider is whether any of the substantial questions raised by Schwarz are likely to result in any of the following: reversal; new trial ordered for all counts on which imprisonment has been imposed; a sentence which does not include a term of imprisonment; or a reduced sentence to a "term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B).

A court, when determining the applicability of release pending appeal, need only determine whether a new trial, reversal, or reduced sentence is likely if the defendant prevails; they need not determine whether it is likely that the defendant will prevail. *See Giancola*, 754 F.2d at 900. A court can, when making this determination, disregard harmless or insignificant errors. *Id.* at 901. None of the issues submitted by Schwarz for appellate review are harmless or insignificant; rather, all are significant enough to affect the verdict and/or sentence.

Schwarz contends that appeal issues I, II, and III raise multiple, substantial questions of law and fact, *any one of which*, if determined favorably to Schwarz, would likely result in an order for a new trial; appeal issue IV raises multiple, substantial questions of law and fact which, if determined favorably to Schwarz, would likely result

in a reversal of all counts of conviction; and appeal issue V raises multiple, substantial questions of law and fact, that if determined favorably to Schwarz, would likely result in a sentence of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Regarding the calculations attendant with issue V, Schwarz was incarcerated on March 3, 2017 (Doc. 118), which means he is currently serving his 27th month of incarceration. Schwarz expects the appeals process to take a minimum of 30 months from this point. Accordingly, Schwarz calculates the time threshold to qualify for release under 18 U.S.C. § 3143(b)(1)(B)(iv) as 57 months (27 months served + 30 months in the appellate process). If issue V is decided in Schwarz's favor, it will likely limit Schwarz's sentence to a maximum of 0-6 months, which is significantly less than the calculated threshold of 57 months.

### Relief Sought

If release pending appeal is mandated under 18 U.S.C. § 3143 (b), that statute provides for release pursuant to § 18 U.S.C. 3142(b), Release on Personal Recognizance or Unsecured Appearance Bond, or § 18 U.S.C. § 3142(c), Release on Conditions. Schwarz requests release on his personal recognizance, or in the alternative, release on conditions. Such release is appropriate for the reasons set forth below.

1.    Release on Personal Recognizance.

As discussed extensively *supra*, over the past 10 years, Schwarz has shown no inclination to flee. Rather, he has consistently and vigorously maintained his innocence and displayed a single goal: to remain in place, fight for exoneration, and see this process to conclusion. If released pending appeal, he will continue to diligently and faithfully

appear wherever and whenever this Court requires. Furthermore, as described in more detail below, the Government already holds, what is in effect, a secured appearance bond of between $800,000 and $1,000,000 (against Schwarz's Orlando residence and Ponce Inlet condominium), representing virtually all of Schwarz's assets.

By virtue of his past behavior and the existing security bond, this Court would be justified, under 18 U.S.C § 3142(b), in releasing Schwarz on his own recognizance. Accordingly, attached hereto as Exhibit A is a draft order for Release pursuant to 18 U.S.C. § 3142(b).

2.    Release Under Conditions.

When a judicial officer cannot reasonably assure the appearance of a defendant with release on recognizance alone, that officer "shall order the . . . release of the person . . . subject to the lease restrictive condition, or combination of conditions, that  . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c) (emphasis added). When this Court affirmed Schwarz's release on October 17, 2016, it released Schwarz subject to conditions. (Doc. 16.) Specifically, Schwarz was required to:

1) Execute a cash bond in the amount of $60,000;

2) Provide a secured interest in the amount of $300,000 to the United States;

3) Report daily, or as directed by the pretrial services office;

4) Nebbia conditions apply;

5) Surrender any passport to the clerk of the court;

6) Obtain no passport or other international travel documentation;

7) Comply with curfew between the hours of 10:00 pm - 6:00 am;

8) Refrain from any transportation facilities or hubs;

9) Refrain from encumbering any property;

10) Refrain from involvement in real estate or mortgage/financial industries;

11) Restrict residence and travel to the Middle and Southern Districts of Florida;

12) Refrain from possessing a firearm, destructive device or other dangerous weapon;

13) Refrain from use or possession of a narcotic or other controlled substance unless lawfully prescribed by a licensed medical practitioner; and

14) Report any contact with law enforcement personnel;

Since Schwarz's pretrial release on October 13, 2016, the following have occurred:

Condition 1, Cash Bond: Schwarz paid the mandated cash bond on October 25, 2016. (Doc. 18.) This Court, post-conviction, ordered the funds disbursed to Schwarz's wife. (Doc. 105.) Since then, she has expended the funds for relocation expenses, legal fees related to the forfeiture proceedings, and living expenses. She is currently living, as a dependent, with her daughter, son-in-law and grandchildren, in St. Petersburg, Florida. Accordingly, Schwarz no longer possesses the funds to pay a cash bond.

Condition 2, Secured Interest: In conjunction with its forfeiture proceedings, the Government filed *lis pendens* liens on Schwarz's Orlando residence (Doc. 130) and Ponce Inlet condominium (Doc. 131) on March 13, 2017, effectively evicting his wife from the residence and his mother from the condominium. To date, the Government has not foreclosed on either property. As it now stands, Schwarz and his wife still own the properties while the Government holds foreclosable claims against his interests in them. Schwarz estimates the current value of the residence at between $550,000 and $650,000,

and the current value of the condo at between $250,000 and $350,000, or a total of between $800,000 and $1,000,000, in which the Government holds perfected security interests. Since Schwarz's interests in these properties represent the sum total of his remaining assets, in which the Government already has full security interests, this condition has already been fulfilled.

Condition 4, Nebbia Conditions: Schwarz satisfied all Nebbia conditions on October 25, 2016. (Doc. 19.) As a result, this condition has already been fulfilled.

Condition 5, Passport: Schwarz surrendered his passport to the Middle District of Florida on October 14, 2016; it was subsequently delivered to the Southern District of Florida on October 19, 2016. (Doc. 15.) As a result, this condition has already been fulfilled.

Condition 9, Encumbrance: The Government's *lis pendens* on Schwarz's Orlando residence and Ponce Inlet condo make it virtually impossible for Schwarz to encumber these properties. Even if he were to somehow manage it, the Government's superior lien position would remain unaffected. As a result, this condition is effectively satisfied.

The remaining conditions are unnecessary. For example, the 10:00 pm - 6:00 am curfew is unnecessary to Schwarz, who has no proclivities to abuse alcohol or drugs, associate with gangs or convicted felons, or otherwise engage in dangerous behavior after hours. Rather, if released, Schwarz will be residing with his daughter's family, which includes three children in preschool. Likewise, the restriction from transportation hubs and travel restrictions to the Middle and Southern Districts of Florida are unnecessary. Since release pending appeal would necessitate a *third* finding that Schwarz is not a flight risk, these conditions serve no benefit. Certainly, if Schwarz were free to visit his mother

- who now lives out of state due to the *lis pendens* on her condominium - or pick up his son from the airport, the surroundings would not suddenly induce him to flee.

Considering the foregoing, if this Court deems release on recognizance untenable, Schwarz respectfully requests conditional release under 18 U.S.C. § 3142(c), subject to:

1.  Do nothing to disturb the secured interest of the United States in defendant's Orlando residence and Ponce Inlet condominium;

2.  Report as directed to Pretrial Services;

3.  Make no attempts to obtain a replacement passport or other international travel documentation;

4.  Refrain from involvement in the real estate, mortgage, and  financial industries;

5.  Refrain from possessing a firearm, destructive device, or other dangerous weapon;

6.  Refrain from possessing or using any narcotic or other controlled substance not lawfully prescribed by a licensed, medical practitioner; and

7.  Report any contact with law enforcement, including but not limited  to, any arrest, questioning, or traffic stop, as soon as possible, to Pretrial Services.

Attached hereto as Exhibit B is a draft Order for Conditional Release pursuant to 18 U.S.C. § 3142(c), incorporating the conditions set forth above.

Release pending appeal is not intended as a substitution of one form of confinement for another. Rather, it is an attempt to recognize the possibility that a defendant might not have received a fair trial and is therefore entitled to have his liberty

restored while he exercises his due process rights. "[E]ven though a guilty verdict greatly reduces a defendant's expectation in continued liberty, it does not extinguish that interest. The language of 18 U.S.C. § 3143[b] confers a . . . liberty interest . . ." *United States v Abuhamra*, 389 F.3d 309, 319 (2d Cir 2004) (internal quotes and citations omitted). This intent is apparent from the language of 18 U.S.C. § 3142(c), which mandates the least restrictive conditions necessary to assure appearance as required. The conditions suggested by Schwarz are the least restrictive conditions necessary to assure his continued appearance, should release on his own recognizance not be granted.

## Conclusion

Schwarz respectfully submits his case is exactly the kind of case § 3143(b) was intended to address, and respectfully requests the relief it provides.

Based on this Court's comments at trial and sentencing, as well as the imposition of a 40-year sentence, Schwarz presumes this Court will not be predisposed to grant him release pending appeal. However, Schwarz respectfully contends Congress could have written 18 U.S.C. § 3143(b) to categorically deny release pending appeal. It did not. Instead, it crafted a statute specifically intended to grant liberty to a defendant who can point to a substantial question of law or fact suggesting he did not receive a fair trial and/or sentence, with such liberty to extend while his case is reviewed. "[I]f a defendant can make the required evidentiary showing, the statute establishes a right to liberty that is not simply discretionary, but mandatory." *See Abuhamra*, 389 F.3d at 319.

For all the reasons cited above, the evidence is clear and convincing: Schwarz is not a flight risk, nor does he pose a danger to anyone. He is not seeking release pending appeal for dilatory purposes. On appeal, Schwarz has raised multiple, substantial issues

of law and fact, which if he prevails, are likely to result in reversal, a new trial, and/or a reduced sentence. Accordingly, Schwarz meets the criteria for release pending appeal and release is mandated by 18 U.S.C. § 3143(b).

      **WHEREFORE**, Defendant DAVID SCHWARZ, respectfully requests this Court grant him release pending appeal on his own recognizance, or, in the alternative, release pending appeal on conditions.

.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2019 a copy of the foregoing was mailed to 400 N Miami Ave, Miami, FL 33128.

_____

**<u>Exhibit A</u>**

**<u>DRAFT ORDER FOR RELEASE ON DEFENDANT'S OWN RECOGNIZANCE</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-10039-CR-MOORE/MCALILEY

UNITED STATE OF AMERICA,

      Plaintiff,

vs.

DAVID SCHWARZ,

      Defendant.

_____/

## <u>ORDER FOR RELEASE ON RECOGNIZANCE</u>

IT IS ORDERED that the release of Defendant David W. Schwarz is subject to the following conditions and provisions:

(1)      The defendant must not violate any federal, state or local law while on release in this case.

(2)      The defendant must cooperate in the collection of a DNA sample if the collection is authorized under 432 U.S.C.§ 14135a.

(3)      The defendant must immediately advise the court, Pretrial Services Office, defense counsel, and the U.S. Attorney, in writing, of any change in address and telephone number.

(4)      The defendant must appear at all proceedings as required and must surrender for service of any Sentence imposed as directed.

## ADVICE OF PENALTIES AND SANCTIONS

**TO THE DEFENDANT:**

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release or any order of detention, and a prosecution for contempt of court, and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on release pending appeal may result in an additional sentence to term of imprisonment of not more than ten years if the offense is a felony, or a term of imprisonment of not more than one year if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment and a $250,000 fine, or both, to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment and a $250,000 fine, or both, to tamper with a witness, victim, or informant; to retaliate or attempt to retaliate against a witness, victim, or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender, and additional punishment may be imposed. A term of imprisonment

2

for failure to appear or surrender shall be in addition to the sentence for any other

offense. In addition, a failure to appear may result in the forfeiture of any bond posted.

## ACKNOWLEDGEMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant David W. Schwarz

1948 76TH AVE N
_____
Address

ST. PETERSBURG, FL    407·342·0058
_____
City, State                              Telephone

## DIRECTIONS TO THE UNITED STATES MARSHAL

The defendant is ORDERED RELEASED.

Date: _____

_____
**K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT
JUDGE**

Copies furnished to:
United States Attorney

## **Exhibit B**

## **DRAFT ORDER FOR RELEASE ON CONDITIONS**

.

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-10039-CR-MOORE/MCALILEY


UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DAVID SCHWARZ,

      Defendant.

_____/


## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the release of Defendant David W. Schwarz is subject to the

following conditions and provisions:

(1)     The defendant must not violate any federal, state or local law while on release in

      this case.

(2)     The defendant must cooperate in the collection of a DNA sample if the collection

      is authorized under 432 U.S.C. § 14135a.

(3)     The defendant must immediately advise the court, Pretrial Services Office,

      defense counsel, and the U.S. Attorney, in writing, of any change in address and

      telephone number.

(4)     The defendant must appear at all proceedings as required and must surrender for

      service of any Sentence imposed as directed.

Furthermore, Defendant David W. Schwarz will:

(5)   Do nothing to disturb the secured interest of the United States in defendant's Orlando residence and Ponce Inlet condominium;

(6)   Report as directed to Pretrial Services;

(7)   Make no attempts to obtain a replacement passport or other international travel documentation;

(8)   Refrain from involvement in the real estate, mortgage, and financial industries;

(9)   Refrain from possessing a firearm, destructive device, or other dangerous weapon;

(10)  Refrain from possessing or using any narcotic or other controlled substance not lawfully prescribed by a licensed, medical practitioner; and

(11)  Report any contact with law enforcement, including but not limited to, any arrest, questioning, or traffic stop, as soon as possible, to Pretrial Services.

## ADVICE OF PENALTIES AND SANCTIONS

**TO THE DEFENDANT:**

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release or an order of detention, and a prosecution for contempt of court, and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on release pending appeal may result in an additional sentence to term of imprisonment of not more than ten years if the

2

offense is a felony, or a term of imprisonment of not more than one year if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment and $250,000 fine, or both, to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment and a $250,000 fine, or both, to tamper with a witness, victim, or informant; to retaliate or attempt to retaliate against a witness, victim, or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as required by the conditions of release, or to surrender, for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. A term of imprisonment for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear may result in the forfeiture of any bond posted.

## ACKNOWLEDGEMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant David W. Schwarz

1948 76TH AVE N
_____
Address

ST. PETERSBURG, FL   407·342·0058
_____
City, State                          Telephone

## DIRECTIONS TO THE UNITED STATES MARSHAL

The defendant is ORDERED RELEASED.

Date: _____

_____
**K. MICHAEL MOORE**
**CHIEF UNITED STATES DISTRICT**
**JUDGE**

Copies furnished to:
United States Attorney

RECEIVED

USMS
INSPECTED

U S District Court
Clerks Office
400 N Miami Ave
Miami, FL 33128

Schwarz
1948 76th Ave N
St. Petersburg, FL
33702

