UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF FLORIDA

CASE NO. 16-CR-10039-MOORE (GRAHAM)

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

DAVID W. SCHWARZ,
    Defendant.
_____/

**MOTION IN LIMINE TO PREVENT THE GOVERNMENT
FROM PRESENTING INADMISSIBLE, IRRELEVANT
AND PREJUDICIAL EVIDENCE AT TRIAL**

Comes now David Schwarz and moves this Court to prevent the introduction of prejudicial or irrelevant evidence at trial. Schwarz moves this Court, under Fed. R. Evid. 403 and Fed. R. Evid. 404 (b), to exclude inadmissible and irrelevant evidence, and evidence that is more prejudicial than probative, as detailed below.

The Eleventh Circuit in its vacatur of Schwarz's original wrongful conviction has already deemed some of the evidence Schwarz seeks to limit to have been inflammatory and prejudicial when it was first introduced. It would be improper to allow that error again in this second trial.

Schwarz was acquitted in his first trial of making false statements to a bank. The government, admitting error, was shown to have violated Schwarz's rights by improperly charging him with obstructing an IRS investigation. The Court has now dismissed that IRS count. (D.E. 346). Only counts 1, 3, and 4 from the original indictment remain.  These include charges that Schwarz committed, or conspired to commit, bank fraud by either (1) executing a knowingly false scheme on or around 10/27/2006, intending to induce a loan from J.P. Morgan Chase in the amount of $565,912 in the names of Individual #2 and Individual #3 from the Indictment for a property at 19 Sombrero Blvd., Unit 432, Marathon, FL, or (2) executing a knowingly false scheme on or around 11/15/2006, intending to induce a loan from J.P. Morgan Chase of $455,590 in the name of Individual #2 and Individual #3 from the Indictment for a property at 4200 S. Valley View Blvd., Unit 3022G, Las Vegas, NV. D.E. 2, 9.

No evidence of Schwarz making any statement at all, false or true, to any bank in autumn of 2006 has been alleged.  In the first trial, Schwarz was acquitted of making false statements to the bank. In the re-trial, any "evidence" or testimony presented must help prove that Schwarz conspired or entered into a scheme fraudulently to

induce J.P. Morgan Chase to lend money in October and November of 2006. Evidence extraneous to those specific instances, much of which the government improperly used in the first trial, or evidence which it seeks to use in the re-trial, as discussed below, is not relevant and/or inadmissible because its probative value is outweighed by unfair prejudice. *United States v. Stephenson*, 2021 WL 3130358 (M.D. Fla., 2021) (evidence appropriate for admission only if the "fact is of consequence in determining the action") See also *United States v. Gonzalez*, 718 F. Supp 1341 (S.D. Fla. 2010) (judge's testimony disallowed because jury might give it too much weight).

Federal Rule of Evidence 403 makes relevant evidence inadmissible if its "probative value is substantially outweighed by the danger of unfair prejudice." Moreover, a prosecutor's admission of irrelevant facts can needlessly prejudice the jury against the defendant. *See, e.g., United States v. Hands,* 184 F.3d 1322, 1329 (11th Cir. 1999) (finding error when a defendant's history of spousal abuse was disclosed in a narcotics case, because it was irrelevant and "because its prejudicial nature greatly outweighed its probative value"); *United States v. Whitaker,* 619 F.2d 1142, 1147 (5th Cir. 1980) (overturning conviction when the prosecution introduced irrelevant evidence of unrelated corrupt dealings).

3

Under Federal Rule of Evidence 403, evidence without probative value should be excluded. Rule 403's design is to exclude "matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant,* 256 F.3d 1146, 1155 (11th Cir. 2001) See also *Mullen v. Princess Anne Volunteer Fire Co., Inc.,* 853 F.2d 1130, 1134 (4th Cir. 1988) (unfair prejudice arises when "evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it.").

Rule 404(b) makes evidence of "other crimes, wrongs, or acts" inadmissible "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b); *see also United States v. Albertie,* 382 F. App'x 876, 879 (11th Cir. 2010). Thus, evidence of uncharged criminal conduct is admissible only if relevant to an issue other than the defendant's character or propensity to commit a crime. *See United States v. Beechum,* 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

A motion in limine is the correct vehicle to exclude such extraneous, inflammatory, and otherwise needlessly prejudicial evidence. In *United States v. Condon,* 720 F.3d 748 (8th Cir. 2013), the Eight Circuit affirmed a district court's granting of a motion in limine to preclude admission of the defendant's telephone call to his

4

mother. In that call, the defendant admitted sex with a 14-year-old girl but maintained that he had affirmative defenses available. 720 F.3d at 753. The district court held that his admission of guilt was confusing and overly prejudicial: the defendant was presenting an affirmative defense, not denying the act, and therefore the admission only served to inflame the jury. In *United States v. Martin*, 561 F.2d 135 (8th Cir. 1977), the court held to be improper the prosecutor's use of testimony elicited from the defendant during the indictment process before the grand jury. The court found the prosecutor's behavior was motivated either by bad faith or to prejudice the defendant. Relying on *Lee v. United States,* 432 U.S. 23 (1977), the Eight Circuit held that use of prejudicial testimony in the first trial rose to the level of improper conduct necessary to bar a retrial: "where 'prosecutorial overreaching' is present… the interests protected by the Double Jeopardy Clause outweigh society's interest in conducting a second trial." 561 F.2d at 139.

Using similar logic, the Ninth Circuit upheld an in limine ruling that excluded tape recordings of a religious leader in which the lamentations of those committing suicide could be heard. *United States v. Layton,* 720 F.2d 548 (9th Cir. 1983). While the tape was potentially evidence of other crimes, the recording was not itself

evidence of the actual crimes charged - conspiracy to murder a U.S. Congressman and aiding and abetting the murder of a U.S. Congressman. *Layton*, 720 F.2d at 555. The Ninth Circuit affirmed the district court's ruling, because the tape recordings could be considered unnecessarily confusing or prejudicial. Id. at 556. In *United States v. Roenigk*, 810 F.2d 809 (8th Cir. 1987), the Eight Circuit held that it was reversible error to allow evidence of a defendant's friend's illegal activity. The court held that "excessive reference to [defendant's friend's] crimes could confuse the jury into trying [defendant] as a drug dealer, rather than for perjury." *Roenigk,* 810 F. 2d at 815.

The aforementioned cases all agree on a theme consistent through the federal circuits that evidence will be limited if it is irrelevant, more prejudicial than probative, or used to inflame the jury, as the government did in Schwarz's first trial and is seeking to do again.

In the re-trial of Schwarz, the government must prove specific charges: that Schwarz, while having no actual communication of any relevance with J.P. Morgan Chase, somehow knowingly deceived J.P. Morgan Chase on October 27, 2006, or on November 15, 2006. Any evidence or testimony not calculated to such a proof must be

6

scrutinized and, in this case, the government's extraneous and prejudicial evidence from the first trial should be excluded, as detailed below:

### The Government Should Be Prevented From Presenting Testimony, New Or Preserved, From Proposed Summary IRS Witness Joanne Leavitt.

Among the most irrelevant testimony of the first trial was that of Joanne Leavitt, the government's purported tax expert. Leavitt's testimony had no probative value then, and *a fortiori* has even less probative value now that the government had to confess to having violated Schwarz's rights by attempting to try him for interference with the administration of internal revenue laws. The Court has dismissed Count 8, the tax count. (D.E. 346).

During Schwarz's first trial, Leavitt was purportedly called to testify concerning the interference with the administration of internal revenue laws charge, 26 U.S.C. § 7212(a). The government has now confessed error on Count 8, and there is no testimony Leavitt can give that is relevant now with regard to that tax count, or on anything else for that matter. In the original trial, Leavitt was permitted, even though she had no competence, to opine on wide-ranging matters, including estimating Schwarz's purported tax liability, D.E. 219:62;

7

219:152-53, even though that was not an element in any charge against him. *See* D.E. 2. Indeed, Leavitt twice admitted that she was used as a vehicle for introducing evidence outside the scope of her knowledge. D.E. 219:178; 217:94. She also assumed the role of appellate expert, testifying to the legal import of a supposedly precedential case. D.E. 219:110.

The government used Leavitt's testimony to portray Schwarz as a tax evader, even though the government did not charge Schwarz with the alleged tax crimes discussed by Leavitt. Because Leavitt was not qualified as an expert, but the government used her errant testimony as if she was, her testimony was even more prejudicial than that of other witnesses. *See United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (describing the great weight placed on expert testimony and the corresponding need for it to be properly scrutinized by the trial court); *see also United States v. Williams*, 865 F.3d 1328, 1341 (11th Cir. 2017) (describing that reversal may be appropriate when the undue prejudice from an expert's testimony outweighs its probative value); *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (describing abuse of discretion standard). Leavitt's irrelevant opinion on Schwarz's taxes rendered the first trial unfair. Neither Leavitt nor any purported tax 'expert,'

should be allowed to compromise the second. Indeed, no expert notice was timely given here by the government. The government apparently has decided to label her testimony again as a "summary witness." But whatever label the government gives her testimony, Leavitt's irrelevant, impermissible and unreliable testimony at the first trial should not be allowed to be repeated.

Obviously, the government intends to repeat the mistakes of the first trial with respect to this witness. Leavitt had no bounds to what she opined. Leavitt has professed no factual knowledge, because she has none, concerning any statements or other communications Schwarz made with J.P. Morgan Chase on or around October and November of 2006. Nor did her trial testimony show any knowledge, of anything in any way germane to the remaining charges against Schwarz.

Instead, the government seeks to present Leavitt's testimony again, presumably so that she may now, as before, opine upon matters about which she has no actual, personal knowledge. In her last testimony, she pontificated about Schwarz's alleged tax liability, though it was not a charge against him. D.E. 219:62, 152-5. She answered hypotheticals and made unsupported and unsupportable guesses about other fact witnesses, opining on testimony from

9

previous hearings that had nothing to do with the crimes charged, nor was in any way related to any tax expertise she may profess. D.E. 219:111,113,115,123-24. Leavitt, an IRS witness, was allowed to recap evidence, surmise facts, interpret facts, all for purposes that have been found impermissible.

Again, calling her a summary witness does not resolve the problem. In the first trial she was also referred to as a summary witness but was actually used as a type of expert without meeting the requirements of an expert witness. Moreover, there are obvious potential dangers associated with the use of summary witnesses, See, e.g, *United States v. Castillo*, 77 F. 3d 1480, 1500 (5th Cir. 1996). In *Castillo*, the court cautioned, unless necessary and for good reason (which is not the case here), about summary witness testimony which it described as unfairly allowing one prosecution witness merely to repeat or paraphrase the in-court testimony of another. In *United States v. Johnson,* 54 F.3d 1150, 1167 (4th Cir.), *cert. denied*, 516 U.S. 903 (1995), the Fourth Circuit stated that summary witness testimony is inappropriate in normal cases given the inherent dangers, including confusion.

Summary witnesses should only be allowed, if at all, in exceptional cases because the credibility of the summary witness may be inappropriately substituted by the jury for the credibility of the evidence summarized. *United States v. Baker*, 10 F.3d 1374, 1412 (9th Cir. 1993). In this case the IRS witness Leavitt has no testimony she can give involving personal knowledge of the facts and no expertise related to the charges. She had no business testifying in the first trial with regard to witnesses and issues for which she had no personal knowledge or expertise. Now that the government has confessed error on the only tax count charged, she surely has no business in the re-trial.

### The Government Should Be Prevented From Introducing Any Evidence of Tax Issues

In the first trial, the government tried a case it did not charge. The government is still attempting to try that case. The Court should grant Schwarz's request to limit the government's case regarding the irrelevant and highly prejudicial allegations of obstructing an IRS investigation or any alleged tax issues, none of which are relevant. The allegations associated with tax evasion or obstruction of an IRS investigation are inadmissible because the tax count upon which they were based was dismissed. The tax allegations seek to suggest

11

that Schwarz did not pay his taxes and, although Schwarz disputes their veracity, they additionally do not satisfy the standard for Rules 403 or 404.

As Schwarz pointed out in his motions to dismiss based on double jeopardy and his motion to redact, these irrelevant and prejudicial tax allegations are simply an attempt to back-door what the government has already lost. In other words, the government plans to retry Schwarz on the tax count by leaving those allegations in the conspiracy count and in other parts of the indictment. The Court should exclude any mention of these irrelevant, prejudicial and immaterial tax allegations.

### The Government Should Be Prevented From Offering Evidence of Cay Clubs's Financial Troubles Or Of Aggrieved Buyers

The Court should prevent the government from presenting any evidence from investments in Cay Clubs, or from promotional material associated with Cay Clubs, that does not provide actual evidence of Schwarz's having knowingly entered into a fraudulent scheme or into a conspiracy surrounding a scheme to defraud J.P. Morgan Bank on either October 27, 2006, or November 15, 2006. Although the government has agreed not to repeat its original error of presenting incendiary testimony from aggrieved buyers about their

12

losses, the government should not be permitted to backdoor testimony of irrelevant tax issues. The Eleventh Circuit has specifically disapproved of the aggrieved buyer testimony in its vacatur of this matter after the first trial. *United States v. Schwarz*, 828 Fed. Appx. 628, 636 (11th Cir. 2020). Schwarz seeks to limit through this motion, any evidence about the original buyers, their investments, or other promotions because this evidence cannot possibly be relevant to the remaining charges - whether Schwarz made a deliberate misrepresentation to J.P. Morgan in an effort to secure a loan on October 27, 2006, or November 15, 2006. Any such evidence should be excluded from the second trial because it is not only irrelevant, its highly prejudicial and violates Rules 403 and 404 (b).

In the Eleventh Circuit's vacatur, the Court specifically singled out the investor evidence from among the "mass of highly prejudicial evidence" that rendered Schwarz's trial unfair. *United States v. Schwarz*, 828 Fed. Appx. 628, 636 (11th Cir. 2020). The testimony of buyers who lost money with Cay Clubs was "highly likely to engage juror sympathies and to motivate jurors to punish Schwarz for these buyers' hardships." 828 Fed. Appx. at 636. The same analysis is true of evidence concerning marketing materials. The government plans

to introduce evidence of aggrieved buyers' complaints about lease payments (Gov. Exh. 48). Such evidence is just as irrelevant as the buyer's testimony about their real estate having lost value and similarly likely to improperly engage juror sympathies and should be excluded.

The Eleventh Circuit, overturning Schwarz's original conviction, commented that the use of arguments surrounding the promotion and sale of Cay Clubs' properties was prejudicial and may be rebutted by other documents that could support Schwarz's good faith defense. *United States v. Schwarz,* 828 Fed. Appx. 628, 635-37 (11th Cir. 2020). In the original trial, the government used advertisements from Cay Clubs to suggest that somehow Schwarz should have been able to divine a worldwide financial catastrophe. His projections, based upon extant trends of a rising market, did not take into account an unprecedented financial shock to real estate markets and to the financial institutions that extended credit to those markets.

Schwarz cannot be held responsible for any of those issues and, more importantly, those matters are not reflected in the crimes charged. Schwarz was charged with false statements, conspiracy to commit bank fraud, bank fraud and a tax count. All that remains are two of the three bank fraud charges and the conspiracy charge. The

Eleventh Circuit's reversal admonished the government's previous tactics. They were inflammatory and needlessly prejudicial presentations of Cay Clubs' losses and financial forecasts. This Court should exclude any similar error at the outset.

### The Government Should Be Prevented From Presenting Impermissible Testimony from the Securities and Exchange Commission And From Other Trials, Civil Or Criminal

Any testimony from SEC proceedings or other civil trials is inadmissible under Fed. R. Evid. 403 and 404 (b). Schwarz was not indicted on any securities violations (D.E. 2). Yet in the first trial, SEC investigator Linda Schmidt provided, in keeping with the government's "everything including the kitchen sink" theory of prosecution, lengthy testimony regarding an SEC lawsuit against Cay Clubs, simply for purposes of prejudicing the jury. (*See generally,* D.E. 212:28-146). Likewise, an attorney for civil litigants against Schwarz was permitted to read into the record extensive deposition testimony from Schwarz. (*See generally,* D.E. 211:15-68). This witness admitted that he had no personal knowledge of the Cay Clubs venture and was entirely unfamiliar with Schwarz outside of the lawsuit (D.E. 211:70) and, like the others, was brought to inflame the jury, with no countervailing probative value. This testimony should

all be excluded as it is irrelevant, highly prejudicial and inadmissible. Schwarz's testimony before the Securities and Exchange Commission is not relevant to the current trial – in particular, because the government has selected testimony in which Schwarz was instructed to speculate about operational and other company matters that do not treat in any way the seeking of credit from a financial institution.

Nothing in the testimony before the SEC that the government intends to introduce, or in any of the testimony given, has any bearing on the current trial. The chosen testimony either refers to irrelevant details of the ownership structure of initial investments into Cay Clubs (Gov.'s Proposed Exhibits: 89, 90 91), irrelevant and unnecessarily prejudicial insinuations that the majority owner in Cay Clubs had tried to hide his income (Exhibit 90), irrelevant details about how employees, owners, or other stakeholders in Cay Clubs were paid (Exhibit 91), and irrelevant and needlessly inflammatory testimony about how and in what measure Clark's wife, Coleman, was paid by Cay Clubs (Exhibit 95). Moreover, these exhibits, particularly because they are extensively redacted, do not give an accurate picture of the deposition testimony and should not be allowed to confuse and prejudice the jury.

### The Government Cannot Present Evidence of CEO Clark's Conviction

In addition, CEO Dave Clark's conviction is excludable, and it would be error to allow its admission. In *United States v. Eason,* 920 F.2d 731 (11th Cir. 1990), the Eleventh Circuit reversed because the prosecution introduced evidence of a co-conspirator's prior conviction. The government has agreed it will not attempt to present this evidence, but Schwarz seeks an order in limine to that effect.

Wherefore, for all of the reasons stated herein, Schwarz respectfully requests the Court grant this Motion In Limine, and exclude the above discussed irrelevant, inadmissible and immaterial matters from the re-trial.

Dated: September 19, 2022.

Respectfully submitted,

| | |
|---|---|
| MICHAEL R. BAND, P.A.<br>1224 Alfred I. DuPont Building<br>169 East Flagler Street<br>Miami, FL 33131<br>Tel: 305.372.8500<br>Fax: 305.372.8504<br>Email: michael@bandlawfirm.com<br><br>/s/ *Michael R. Band*<br>MICHAEL R. BAND<br>Florida Bar No. 228338 | O'DONNELL CHRISTOPHER LLP<br>700 S. Royal Poinciana Blvd. #705<br>Miami Springs, FL 33017<br>Tel: 305.640.8958<br>Email: sodonnell@odonnellchristopher.com<br><br>/s/ *Sonia E. O'Donnell*<br>SONIA E. O'DONNELL<br>Florida Bar No. 250643<br><br>/s/ *Robert A. O'Donnell*<br>ROBERT A. O'DONNELL<br>Florida Bar No. 1011567 |

Counsel for Defendant David W. Schwarz

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of September 2022, a true and correct copy of the foregoing was furnished via the CM/ECF system to all parties designated to receive the electronic filings in this cause.

/s/ *Sonia E. O'Donnell*
SONIA E. O'DONNELL