UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-CR-10039-MOORE (GRAHAM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID W. SCHWARZ,

Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant David Schwarz's Interlocutory Notice of Appeal (ECF No. 373).

**THE COURT** considers the record and is otherwise fully advised in the premises.

**I. BACKGROUND**

The defendant, David W. Schwarz (" Defendant" or "Schwarz"), was charged by way of an indictment with: (1) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (Count 1); (2) three substantive counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts 2 through 4); (3) three counts of making a false statement in connection with a federally insured loan, in violation of 18 U.S.C. § 1014 (Counts 5 through 7); and (4) one count of interference with the administration of Internal Revenue Service laws, in violation of 26 U.S.C. § 7212 (Count 8) (ECF No. 2). After a jury trial, on March 6, 2017, Schwarz was convicted of Counts 1, 3, 4, and 8 and acquitted of Counts 2, 5, 6, and 7 (ECF No. 123). Judgment was entered on May 4, 2017. Thereafter, on May 12, 2017, Schwarz appealed his convictions.

On October 28, 2020, the Eleventh Circuit Court of Appeals reversed Schwarz's convictions and remanded the case for a new trial of Counts 1, 3, 4, and 8. (ECF No. 251). The Court re-opened the case and set the trial of this matter for the two-week trial period commencing on January 4, 2021. (ECF No. 252). Thereafter, the Court granted two motions to continue filed by Schwarz (ECF No. 255, 259) and a

joint motion to continue trial until Spring 2022 (ECF No. 281). In December of 2021, the undersigned agreed to preside over the trial in this matter, then set to begin on February 14, 2022. On December 3, 2021, this Court granted Schwarz's third motion to continue and set this matter for a status conference on December 7, 2021. (ECF No. 303). Following the status conference on January 5, 2022, the Court reset trial for April 25, 2022. (ECF No. 309). Subsequent to the status conference held on March 23, 2022, the Court vacated its most recent scheduling order without resetting the trial date. (ECF No. 313). During the status conference held on May 19, 2022, the Court specially set this matter for trial commencing on October 11, 2022. (ECF No. 317).

Schwarz is currently set for trial on October 11, 2022 (ECF No. 318). On August 20, 2022, after numerous continuances, nearly two years after the mandate was issued and this case remanded, and less than two months before the specially set retrial, Schwarz filed a Motion to Dismiss on Grounds of Double Jeopardy (ECF No. 327), that became ripe on September 13, 2022 (ECF No. 343). On September 28, 2022, the Court denied the defendant's motion for the reasons pronounced therein. (See ECF No. 365). On October 3, 2022, a week before trial, Schwarz filed a Notice of Interlocutory Appeal of the Court's denial of dismissal on double jeopardy grounds. (ECF No. 365).

## II. DISCUSSION

### a. Jurisdiction to Proceed with the Trial Following Schwarz's Notice of Appeal

An order denying a motion to dismiss an indictment on double jeopardy grounds is immediately appealable; and the filing of a notice of appeal generally strips the district court of jurisdiction as to the matters appealed. *U.S. v. Farmer*, 923 F.2d 1557, 1565 (11th Cir. 1991) (internal citations omitted). However, where the district court makes written findings that a double jeopardy claim is frivolous or dilatory, then the interlocutory appeal does not divest the district court of jurisdiction, thus permitting the retrial to proceed. *Id.*

By reference, this Court reincorporates its findings in its Order denying Schwarz's Motion to Dismiss on Grounds of Double Jeopardy (See ECF No. 365). Additionally, the Court finds that Schwarz's double

jeopardy claim is frivolous and dilatory. Specifically, because the double jeopardy issues raised by Schwarz's motion to dismiss were apparent nearly two-years ago when the case was remanded for retrial of Counts 1, 3, 4, and 8. Instead of raising the double jeopardy issue with the Court during the numerous continuances or at any of the numerous status conferences held in the two years since remand, Schwarz filed his motion on August 20, 2022, which became ripe on September 13, 2022, less than a month before trial.

The Court finds that the timing of the filing of the defendant's motion to dismiss on double jeopardy grounds is indicative of its frivolous and dilatory nature. Moreover, the Court finds that because Schwarz's motion to dismiss on double jeopardy grounds is frivolous and dilatory, this Court is not divested of jurisdiction, but instead shares dual jurisdiction, to proceed with the resolution of all pending motions and trial in this matter.

**DONE AND ORDERED** at Miami, Florida this 5th day of October, 2022.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT COURT

cc: Counsel of Record