UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-10039-CR-MOORE (GRAHAM)

**UNITED STATES OF AMERICA**

vs.

**DAVID W. SCHWARZ,**

    **Defendant.**
_____/

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION TO REQUIRE THE GOVERNMENT TO COMPLY WITH THE SENTENCING REQUIREMENTS AND BURDENS ESTABLISHED BY LAW

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response to the defendant's motion to require the government to comply with the sentencing requirements and burdens established by law (DE 472). For the reasons set forth below, the motion should be denied.

**I.    The Defendant Failed to Comply with Local Rules.**

The Court should deny this motion based on the defendant's failure to comply with Local Rule 88.9(a), which requires that "at the time of filing motions in criminal cases, counsel for the moving party shall file with the Clerk of the Court a statement certifying either: (1) that counsel have conferred in a good faith effort to resolve the issues raised in the motion and have been unable to do so; or (2) that counsel for the moving party has made reasonable effort (which shall be identified with specificity in the statement) to confer with the opposing party but has been unable to do so." The motion contains no such certification. Furthermore, the motion and incorporated memorandum of law do not comply with the 20-page limit established by Local Rule 7.1(c)(2).

**II.      The Court Has Already Afford the Defendant the Requested Relief, Thus Rendering the Motion Moot.**

To the extent the Court considers the motion on its merit, the defendant seeks relief that the Court has already granted. The parties have extensively briefed the issues regarding the calculation of the advisory sentencing guideline range in this case. *See, e.g.,* Docket Entries 429, 434, 435, 455, 457, and 462. There is no dispute that the defendant's filing of objections to the Pretrial Services Report (PSI) "shifted the burden to the Government to prove the disputed facts by a preponderance of the evidence and imposed on the district court a duty to ensure that the Government carried that burden." *United States v. Hamidullah*, 768 Fed.Appx. 914, 918 (11th Cir. 2019). That is why the government responded to those objections with citations to specific evidence that supports the findings of the PSI (DE 457).

The defendant's suggestion that the Court is either unaware of the relevant burden of proof or that the Court has failed to hold the government to its burden is baseless. To the contrary, at the sentencing hearing – which has already gone on for two days – the Court has diligently satisfied its duty to ensure that the government meets its burden. Indeed, the Court has indicated where it believes the government has not satisfied that burden. For example, the Court has indicated that the government has not established that losses suffered by purchasers of individual Cay Clubs properties are properly considered relevant conduct in determining the loss amount and, as a result, that the Section 2B1.1(2)(C) 6-level enhancement for substantial financial hardship suffered by 25 or more victims does not apply.

With respect to the institutional lenders who suffered losses, the Court had the government specifically articulate the evidence establishing those losses, *see* Docket Entry 470, and how those losses were "reasonably foreseeable pecuniary harm that resulted from the offense." USSG § 2B1.1, Application Note 3(A)(i). Thus, this case bears no resemblance to the Third Circuit Court

of Appeals case of *United States v. Titus*, 2023 WL 5356241 (3rd Cir. Aug. 22, 2023), cited to by the defendant (DE 472:5). In that pill mill case, "[t]he District Court used [a] medical expert's review of twenty-four files to infer the illegality of thousands of other prescriptions." *Id*., at *2. The Third Circuit vacated the sentence and remanded for a new sentencing hearing because, to the extent a sentencing enhancement is based upon an extrapolation analysis, "any extrapolation must be shown to be reliable, and defendants must have a fair chance to challenge its reliability," which did not happen in that case. *Id*. at *5. In contrast, neither the government nor the Court has engaged in any extrapolation analysis to determine the relevant loss amount in this case. Instead, the government has identified the specific victims who suffered losses and offered specific evidence of what those losses were.

*United States v. Ridling*, 2022 WL 4137723 (11th Cir. 2022) (unpublished), the case cited to by the defendant in his notice of supplemental authority (DE 476), is also of no moment. *Ridling* dealt with the methodology of calculating *intended* loss. Here, the guideline enhancement is based on the amount of *actual* loss. *See* PSI ¶ 47 (referencing an "estimation of actual pecuniary harm from the offense and all relevant conduct incurred by the defendant"). "Under the Sentencing Guidelines, loss is calculated as the greater of actual loss or intended loss. U.S.S.G. § 2B1.1, cmt. n.3(A)." *Ridling*, 2022 WL 4137723 at *1.

In reality, the motion does not seek to hold the government to its legal burden of proof. Instead, it seeks to both increase the government's legal burden and limit the scope of evidence that it can present at the sentencing hearing. For example, the defendant repeatedly suggests that the government must show that a loss was the result of the defendant's own specific conduct (DE 472:7, 8, 24). That is not what is called for by the guidelines. Instead, the government must show that the loss was a "reasonably foreseeable pecuniary harm that resulted from the *offense*." USSG

3

§ 2B1.1, Application Note 3(A)(i) (emphasis added). "'[R]easonably foreseeable pecuniary harm' means pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the *offense*." *Id.*, Application Note 3(A)(iv) (emphasis added). Here, the offenses of conviction were a bank fraud conspiracy and scheme. Those offenses involved the conduct of not only the defendant, but also his co-conspirators and accomplices. "The guidelines make clear that a defendant's sentence is not limited to those acts committed by that individual, but rather should account for the conduct of others participating in a common criminal scheme that was reasonably foreseeable to the defendant." *United States v. Adetona*, 251 Fed.Appx. 610, 613-614 (11th Cir. 2007).

The reasonably foreseeable pecuniary harm that flowed from those offenses is not limited to the losses suffered by the lenders on the fourteen properties for which the defendant made the buyers' cash to close payments. The Cay Clubs business was built on the back of the seven mortgages that were fraudulently obtained from Fifth Third Bank in December of 2004. It was then artificially kept afloat by the seven mortgages that were fraudulently obtained in 2006 from JPMorgan Chase. It was reasonably foreseeable that if Cay Clubs failed under the weight of this fraud scheme, then those lenders would suffer financial losses on other mortgages issued to purchase Cay Clubs properties.

The defendant's attempt to lay responsibility for these losses on the borrowers who obtained and defaulted on mortgage loans ignores the nature of Cay Clubs' business (DE 472:11, 27). Cay Clubs marketed these condominium units as investment properties. The buyers' relationships with Cay Clubs did not end upon purchase. Rather, Cay Clubs would manage the rental properties and split the profits with the buyers (DE 429, Ex. D). Cay Clubs promised their investors "built in equity" and "immediate income" with a "24 month fixed income rental agreement . . . made at closing" (*id.*).

4

It is unsurprising that when Cay Clubs failed to deliver on these promises their investors did not have sufficient funds to make their mortgage payments. Thus, the resulting losses suffered by the mortgage lenders were reasonably foreseeable consequences of the fraud scheme.

Similarly, the losses suffered by institutional lenders and investors in Cay Clubs – *i.e.*, Coast Investment Group, GCB Orlando/Bayshore/Crested Butte, and Orion Bank (and its successors in interest) – were reasonably foreseeable consequences of the fraud scheme. These loans and investments were made to a business built on bank fraud. But for that bank fraud, Cay Clubs would not have been able to present itself as a sound investment or viable borrower, and the institutional lenders and borrowers would never have put their money at risk. It was reasonably foreseeable that these institutions would suffer pecuniary harm once the house of cards Cay Clubs built with its fraud scheme came crashing down.

With respect to the evidence submitted by the government to establish these losses, the defendant challenges the testimony from his first trial as "tainted" (DE 472:18, 22, 28) and other evidence as "unsworn, double hearsay" (*id.,* at 15-16). However, a sentencing court may consider evidence from a prior trial that was reversed on appeal. *See United States v. Bowdach*, 561 F.2d 1160, 1175 (5th Cir. 1977).[1] The defendant's insistence that he did not receive effective assistance of counsel at that trial is of no moment. Indeed, the sentencing court can rely on transcripts of prior trials at which a defendant was not even a party, so long as the government makes such transcripts available to the defendant and to the court, and the defendant is afforded the opportunity to rebut that evidence. *See United States v. Ruballo*, 833 Fed.Appx. 275, 279 (11th Cir. 2020); *United States v. Castellanos*, 904 F.2d 1490, 1496 (11th Cir. 1990); *United States v. Washington,* 714

---

[1] The Eleventh Circuit Court of Appeals has adopted as binding precedent Fifth Circuit decisions handed down as of Sept. 30, 1981. *See Bonner v. Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

F.3d 1358, 1362 (11th Cir. 2013). Moreover, a court may consider sufficiently reliable hearsay during a sentencing proceeding, at which the Federal Rules of Evidence do not apply. *See United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010); *United States v. Hernandez*, 906 F.3d 1367, 1370 (11th Cir. 2018); Federal Rule of Evidence 1101(d)(3).

The defendant's suggestions that "he has not had the opportunity to gather a defense" to the government's arguments and evidence regarding the proper scope of the loss amount and that he "was never given the opportunity to assemble a rebuttal" (DE472:29-30) is untenable. The government filed its memorandum regarding the calculation of loss on December 9, 2022. The Court did not begin the sentencing hearing until eight months later, on August 11, 2023. The defendant had ample opportunity to search the government's discovery production for any evidence to rebut the government's assertions with respect to the relevant amount of loss. To date, the defendant has not advanced any such evidence.

Finally, with respect to the defendant's renewed objection to the leadership role enhancement, the government has previously set forth the evidence establishing the applicability of that enhancement (DE 457:16-17). The government notes that there were more than five members of the conspiracy, which included, at the very least: (1) the defendant, (2) David Clark, (3) Cristal Coleman, (4) Barry Graham, (5) Ricky Lynn Stokes, (6) Deanna Priday, and (7) Debbie Smith. The defendant exercised supervisory authority over all of his co-conspirators, with the exception of Dave Clark.

### III. The Defendant Does Not Have a Viable Eighth Amendment Claim.

The defendant's two-paragraph argument that this case raises an Eighth Amendment claim can be dismissed out-of-hand. Whatever sentence the Court imposes, it will likely be well below his statutory maximum term of imprisonment of 90 years. Further, the sentence imposed will likely

be within, if not below, the advisory guideline range. The defendant cites to no case, and the government is aware of none, in which a sentence below the statutory maximum and within or below the advisory guideline range was found to constitute cruel and unusual punishment in violation of the Eighth Amendment. *See United States v. Harper*, 554 Fed.Appx. 832, 833 (11th Cir. 2014)("As for his Eighth Amendment claim, Harper cites nothing for the proposition that a 100 months' sentence that is below statutory maximum penalty and the applicable Guidelines sentence range violates the Amendment."). Indeed, "a sentence within the statutory limits generally does not violate the Eighth Amendment." *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006).

WHEREFORE, because the defendant failed to comply with the local rules, and because the defendant has already received the relief requested – thus rendering the motion moot – the motion should be DENIED.

    Respectfully submitted,

    MARKENZY LAPOINTE
    UNITED STATES ATTORNEY

By:  /s/ *Sean Paul Cronin*
    Sean Paul Cronin
    Assistant United States Attorney
    Court No.A5500940
    99 N.E. 4th Street, Suite 400
    Miami, FL 33132
    Tel# (305) 961-9194
    Fax: (305) 530-6168
    sean.p.cronin@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                            /s/ *Sean Paul Cronin*
                                            Sean Paul Cronin
                                            Assistant United States Attorney