**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 16-CR-10039-MOORE (GRAHAM)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID W. SCHWARZ,

    Defendant.
_____/

## ELEVENTH CIRCUIT OPINION EXTRACTS FOR SENTENCING

1. The government's trial presentation ventured far beyond the evidence needed to support its indictment. The government argued that Cay Clubs was a massive Ponzi scheme—a fraud from its inception to its demise that engaged in deception in virtually every aspect of its business. It attempted to show that the first set of related-party sales was important to establish high appraisal values for Cay Clubs units, so that banks would approve other buyers' mortgage applications. It put forth testimony that Cay Clubs contracted to provide new furniture in some buyers' units and agreed with certain buyers to pay lease-back payments of up to fifteen percent of the purchase price. The government attempted to show that Cay Clubs wrongfully concealed the lease-back agreements from lenders and closing agents. The government also introduced testimony regarding Cay Clubs' broken promises to condo buyers to provide amenities and unit improvements and to make lease-back payments.

2. "The Sixth and Fourteenth Amendments to the U.S. Constitution guarantee that any person brought to trial in any state or federal court must be afforded the right to assistance of counsel before he or she can be validly convicted and punished by imprisonment." *United States v. Verderame*, 51 F.3d 249, 251 (11th Cir. 1995). This guarantee includes "both a fair opportunity to be represented by counsel of his own choice and a sufficient time within which

to prepare a defense."

To prevail on this type of claim, a "defendant must show that the denial of the motion for continuance was an abuse of discretion which resulted in specific substantial prejudice. Under the circumstances of this case, the district court's continuance denials were a clear abuse of its discretion.

The denials substantially prejudiced Schwarz's defense. In addition to the inherent prejudice suffered by a defendant whose counsel was forced to litigate under such grueling circumstances, Schwarz has supplemented the record on appeal with new documents that he argues indicate a different outcome had a continuance been granted. We agree.

3. The government argued at trial that Cay Clubs was a wholly fraudulent enterprise, deceiving buyers with promises of unit improvements and lease-back payments and wrongfully concealing lease-back agreements from lenders. These allegations were the vehicle through which a mass of highly prejudicial evidence entered the case. For example, the government introduced emotionally charged testimony from three buyers of Cay Clubs units, one who put her husband's life insurance payout toward her Cay Clubs loan, one who had to borrow from his retirement due to his losses, and one who declared bankruptcy and lost her primary residence. These witnesses offered some testimony relevant to the core bank fraud allegations: Each witness's purchasing decisions were influenced by Cay Clubs's appreciation analysis that highlighted the first set of related-party sales. But their testimony extended far beyond these core allegations when they offered highly sympathetic descriptions of the horrid state of their units and of Cay Clubs's failure to pay lease-back payments. This testimony, and the government's opening and closing arguments that Cay Clubs was a wholly fraudulent enterprise, were highly likely to engage juror sympathies and to motivate jurors to punish Schwarz for these buyers' hardships. Undercutting these allegations could have changed the outcome.

4. Schwarz's motion to supplement contains several documents that undermine this grand theory and that support his "good faith" defense. Schwarz has submitted financial statements and records of unit upgrades that show that Cay Clubs spent over $52 million to improve its buildings, sites, furniture, and fixtures across fiscal years 2005 and 2006. A memorandum of interview conducted by the government with a loan officer for Fifth Third Bank and a fax cover sheet sent to that employee indicate that at least some of Cay Clubs's lenders were aware of lease-back agreements.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of January, 2024.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record